71 So.3d 230 (2011)
K.G., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D11-1935.
District Court of Appeal of Florida, First District.
October 6, 2011.
Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
*231 Pamela Jo Bondi, Attorney General, and Therese A. Savona, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
K.G. appeals the trial court's order placing him in a moderate-risk residential program. K.G. argues that in departing from the recommendation by the Department of Juvenile Justice (Department) of a minimum-risk day treatment program, the trial court failed to engage in the appropriate level of analysis as set forth in E.A.R. v. State, 4 So.3d 614, 638 (Fla.2009). We agree. See C.M.H. v. State, 25 So.3d 678, 680 (Fla. 1st DCA 2010); M.J.S. v. State, 6 So.3d 1268, 1270 (Fla. 1st DCA 2009); M.K. v. State, 4 So.3d 1271, 1273 (Fla. 1st DCA 2009).
Here, the trial court did not articulate on the record why a moderate-risk residential program was better suited than the Department's recommendation to serving K.G.'s rehabilitative needs, in the least restrictive setting, and protecting the public. See C.M.H., 25 So.3d at 680. Accordingly, we reverse and remand. See C.M.H., 25 So.3d at 680; M.J.S., 6 So.3d at 1270. The trial court is provided with an "opportunity to enter an order in compliance with E.A.R., or, if the trial court cannot, impose the probation recommended by the DJJ." C.M.H., 25 So.3d at 680; accord M.H. v. State, 69 So.3d 325, 328 (Fla. 1st DCA 2011); M.J.S., 6 So.3d at 1270.
REVERSE and REMAND.
DAVIS, PADOVANO, and ROWE, JJ., concur.